UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
SONIA A. PUSEY,                                         MEMORANDUM AND ORDER

                           Plaintiff,                  09-CV-04084 (ENV) (JO)

      -against-

DELTA AIRLINES, INC.; MIKE CAMPBELL;
JOANNE D. SMITH; SANDY GORDON;
MICHELE D. PARKER; ESTHER HAMMOND;
PAT SMITH; RON WOLFE; BEVERLY REID;
LOUISE C. GALARZA; DIANE K. EARL;
LASHAON ALFORD; SCOTT MONEY;
ROBERT "BOBBY" HEILMANN,

                         Defendants.
----------------------------------------------------------------- x

VITALIANO, D.J.

    *Pro se* plaintiff Sonia A. Pusey brings this action for discrimination in employment against Delta Airlines, Inc. ("Delta"), her former employer, as well as 13 individual defendants, each of whom, she alleges, was at the relevant time a management-level Delta employee who had some involvement in events that led to her termination. In the amended complaint, plaintiff alleges that her termination violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). The individual defendants have requested leave to file a motion to dismiss the complaint against them, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, on the ground that individual managers and supervisors cannot be held liable under Title VII or the ADA.

    Particularly in light of plaintiff's *pro se* status, neither a pre-motion conference nor formal motion practice is necessary. It is well-established that "individuals are not subject to liability under Title VII." Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004)

(quoting Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam)); see Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) (holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257 (1998). Similarly, "there is no right of recovery against individual defendants under the ADA." Corr v. MTA Long Is. Bus, 199 F.3d 1321 (2d. Cir. 1999); see, e.g., Maccharullo v. Gould, 643 F. Supp. 2d 587, 596 (S.D.N.Y. 2009); Fox v. S.U.N.Y., 497 F. Supp. 2d 446, 449 (E.DN.Y. 2007) (citing Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). Cf. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (ADA plaintiff may seek prospective injunctive relief against a state official in his official capacity).

As a result, plaintiff's claims as to the 13 individual defendants are dismissed with prejudice. Collaterally, plaintiff's letter request for an extension of time to serve individual defendant Louise Galarza is denied as academic.

SO ORDERED.

Dated: Brooklyn, New York
       February 2, 2010

/S/
_____
ERIC N. VITALIANO
United States District Judge