UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SONIA A. PUSEY,

                Plaintiff,                      **INITIAL CONFERENCE AND**
                                                          **CASE MANAGEMENT ORDER**

        - against -

                                                          09-CV-4084 (ENV) (JO)

DELTA AIRLINES, INC.,

                Defendant.

-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

**I.**     **DISCOVERY PLANNING CONFERENCE**

        A.     **Conference Date:**    July 12, 2010, at 10:30 a.m.

        B.     **Conference Place:**   United States Courthouse
                                                    Courtroom: 11D, South
                                                    Brooklyn, New York
                                                      225 Cadman Plaza East
                                                        Brooklyn, New York 11201

        C.     Assignment of Magistrate Judge.  The above-captioned case has been referred to me for purposes of scheduling discovery, resolution of discovery disputes, settlement conferences and any other purposes set forth in 28 U.S.C. § 636(b)(1)(A).  **I am assigned to the Brooklyn courthouse.  Please note that this case is not assigned to Magistrate Judge Michael L. Orenstein, who sits in the Central Islip courthouse.**

        D.     Appearance in person and familiarity with relevant rules required.  Each party who is proceeding without an attorney, and counsel for each represented party, must appear in person for an initial conference at the date and time indicated above.  By the time of the conference, each attorney in the case is expected to be familiar with the Federal Rules of Civil Procedure concerning discovery, *see generally,* Fed. R. Civ. P. 16, 26-37, with the Local Civil Rules of this Court, *see generally*, Loc. Civ. R. 5.2-37.3, and with my individual rules, which can be found at http://www.nyed.uscourts.gov/pub/rules/JO-MLR.pdf.

**II.  PROPOSED DISCOVERY PLAN**

        A.     Meet and Confer.  As soon as practicable, and in any event before the initial conference, the parties **must** meet and confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.  *See* Fed. R. Civ. P. 26(f).

   B. <u>Initial Disclosures</u>.  By the time of the discovery planning conference scheduled above, each party must provide initial disclosures pursuant to Rule 26(a)(1) unless this proceeding is exempted from such disclosure pursuant to Rule 26(a)(1)(E).

   C. <u>Deadline for Electronic Filing of Joint Discovery Plan</u>.  No later than two business days before the discovery planning conference, the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a joint proposed discovery plan.

   D. <u>Contents of the Joint Discovery Plan</u>.

    1. <u>General Requirements</u>.  The proposed joint discovery plan should include any agreements the parties have reached regarding discovery, and must separately address each item listed in Rule 26(f)(1)-(4).  In particular, the proposed discovery plan should address each of the following items.

    2. <u>Deadlines and Court Appearances</u>.  A sample case management and scheduling order is attached for information purposes only; counsel need not re-type all of its provisions into the joint discovery plan they submit.  The first page shows the schedule I will normally order in the absence of reasons to conclude that a different schedule is warranted.  That sample schedule reflects my goal in most cases of completing discovery within nine months of the date of the initial conference.  However, that is only a general rule; I encourage the parties to determine a schedule that realistically meets the needs of this specific case.  The proposed discovery plan must suggest a date for each deadline listed in the sample order, and may also include additional deadlines (such as separate deadlines for the completion of fact discovery and production of expert reports, if expert witnesses are anticipated) to the extent the parties deem appropriate.  The parties should discuss their discovery needs thoroughly and realistically in advance of the planning conference so that I can order a realistic schedule.  Once I have entered a schedule with the parties' input, **I will enforce discovery deadlines and amend the schedule only for good cause.**

    3. <u>Other Discovery Matters</u>:  The proposed joint discovery plan should also address the following, to the extent relevant:

     a. changes to the presumptive maximum number of interrogatories and depositions allowed under the rules (normally 25 interrogatories, including sub-parts, and 10 depositions);

     b. the number and types of expert witnesses each party anticipates;

     c. whether there are any sources of discoverable material that warrant specific planning, such as medical or employment records held by non-parties, or electronic materials that must be preserved or that are difficult to retrieve; and

              d.     whether there are subject matter limitations on discovery, or other procedural mechanisms that will help to identify or narrow the issues in dispute without undue delay or expense.

### III.  ELECTRONIC FILING AND CONTACT INFORMATION

All filings (except *pro se* filings) must be submitted electronically pursuant to Administrative Order 2004-08.  I will disregard submissions made in any other manner without my explicit advance permission.  The lead attorney for each party must be registered with the Court's ECF system and must file a notice of appearance in this action so that he or she will be personally notified of all filings.  The parties are under a continuing obligation to keep the court apprised of any changes in their contact information, including mailing addresses, e-mail addresses, and daytime telephone numbers.

     **SO ORDERED.**

Dated: Brooklyn, New York
       June 21, 2010

                                                  /s/ James Orenstein
                                                  JAMES ORENSTEIN
                                                  U.S. Magistrate Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SONIA A. PUSEY,                                                               **[SAMPLE]**
                Plaintiff,                                              **CASE MANAGEMENT AND**
                                                                          **SCHEDULING ORDER**
            -against-                                                            09-CV-4084  (ENV) (JO)

DELTA AIRLINES, INC.,
                Defendant.
----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

**I.**      **DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Deadline for all Rule 26(a)(1) disclosures: | [Initial Conference ("IC") Date] |
| First request for production of documents and first request for interrogatories due by: | [IC Date + 5 weeks] |
| Deadline for joinder of additional parties and amendment of pleadings: | [IC Date + 13 weeks] |
| <u>Status Conference</u> (with status report due two business days in advance): | [IC Date + 21 weeks], at [TIME] |
| All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: | [IC Date + 39 weeks] |
| <u>Pretrial Conference</u> (*ex parte* statements of settlement position due via fax two business days in advance): | [IC Date + 41 weeks], at [TIME] |
| Dispositive motion process started by: | [IC Date + 43 weeks] |
| Joint pretrial order due by: | [IC Date + 47 weeks] |

**II.**      **DISCOVERY**

      a.      **<u>No stays of discovery absent an explicit court order.</u>**  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, referral to mediation, or an agreement between the parties to suspend discovery.  Any application for a stay of discovery must show good cause why such relief should be granted.

b. **Written discovery.**  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure are due no later than 30 days after service of the request.  All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

c. **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel should cooperate, consistent with their clients' legitimate interests, in scheduling and conducting depositions.

    i. If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Fed. R. Civ. P. 30 unless excused by the party that served the notice or by the court.

    ii. Counsel are obligated to attempt in good faith to resolve any dispute that arises during a deposition before seeking judicial intervention.

d. **Expert discovery.**  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

e. **Discovery disputes.**  Parties are obligated to attempt in good faith to resolve discovery disputes before seeking judicial intervention.  Any unresolved dispute must be brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines set forth above.  Motions to resolve discovery disputes shall be litigated in accordance with my Individual Practice Rules and Local Civil Rules 37.3 and 6.4.  Failure to submit a timely opposition in compliance with applicable rules may result in the motion being granted as unopposed.

f. **Timeliness of requests.**  To be timely, a request for written discovery, deposition notice, or subpoena must be served in sufficient time for the responding party to comply with the request in full before the relevant discovery deadline.  In the event that any such discovery demand is untimely, I may decide not to enforce it.

### III. REQUIREMENTS FOR COURT CONFERENCES

a. **Status conference.**  No later than two business days before the status conference, the parties are directed to **file a letter on ECF** reporting on the status of the case, the nature of pending disputes (if any), and whether discovery is proceeding on schedule.  If there are no pending disputes requiring court intervention, I will entertain a joint application to adjourn or cancel the conference.  If the parties agree to discuss settlement at the status conference, the

parties should also submit *ex parte* statements of settlement position as described in the next paragraph.

      b.     **Pretrial conference.**  No later than two business days before the pretrial conference, each party must submit **an *ex parte* statement of its settlement position by fax (NOT ECF)** specifying the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position.  These statements will be treated as confidential, and will not be docketed.  Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

      c.     **Additional requirements for all conferences.**

          i.     All conferences will be in person unless otherwise ordered.  Any request to conduct a conference by telephone must be made at least 48 hours before the scheduled start of the conference.

          ii.     All conferences will start on time.  Any attorney who does not arrive on time may be directed to obtain a transcript of the proceeding and provide it to the represented party to avoid prejudice to that party arising from proceedings conducted in its absence.

          iii.     Counsel for each party must be fully familiar with the case and prepared to discuss the status of discovery, the party's current settlement position, and any unresolved issue in the case.  A party's counsel of record may send substitute counsel only if the latter is fully prepared to discuss all of the matters described above.

          iv.     If a conference cannot proceed due to counsel's failure to appear on time or unpreparedness to discuss the case, I will reschedule the conference and consider an order requiring the attorney responsible for the delay to reimburse the other participants' costs, including reasonable attorneys' fees.

## IV.    POST-DISCOVERY MATTERS

      a.     **Dispositive Motions Deadline.**  The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned.  As specified in the individual practice rules of the assigned district judge (available at www.nyed.uscourts.gov), that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers.

      b.     **Joint Pretrial Order Deadline.**  The deadline for submitting a joint pretrial order is the date by which the parties must file a single document that reflects input from all parties and that fully complies with the individual practice requirements of the district judge to whom

the case is assigned (not my individual practice requirements, unless the parties have unanimously agreed to refer the case to a magistrate judge for all purposes including the entry of judgment pursuant to 28 U.S.C. § 636(c)). If one party has completed its portion of the proposed pretrial order but cannot obtain input from an adversary, it must so advise me before the deadline.

  c. **Generally, no extension due to the pendency of summary judgment motions.**

   i. In cases that are assigned to a district judge whose individual practice rules require the submission of a joint pretrial order no later than 60 days after the close of discovery (as do most judges in this district, *see* www.nyed.uscourts.gov), I will not extend this deadline based on the anticipation or pendency of a summary judgment motion absent an order from the assigned district judge.

   ii. The fact that a party intends to seek summary judgment will not be considered good cause to postpone a discussion of settlement at the pretrial conference or the submission of *ex parte* statements of the parties' respective settlement positions in advance.

**V. EXTENSIONS OF DEADLINES.**

  a. **The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause.** Failure to comply with a deadline may result in the imposition of appropriate sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, including a recommendation of dispositive relief.

  b. While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above; and such agreement requires court approval. Similarly, an agreement among the parties to discuss settlement will not excuse failure to comply with any deadline set forth above. Parties wishing to suspend discovery or adjourn a deadline to promote settlement discussions must seek permission from the court.

  c. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted, absent extraordinary circumstances.

  d. A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with Rule II.A of my individual practice rules.

## VI. ELECTRONIC FILING AND CONTACT INFORMATION

a. **Mandatory electronic filing.**  Pursuant to Administrative Order 2004-08, **all documents must be submitted electronically.**  Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by mail or fax will be discarded.

b. **Attorney appearance and registration.**  The attorney for each party with primary responsibility for the matter must, as soon as possible and in no event later than the attorney's first appearance in court:

   i. file a Notice of Appearance on behalf of each represented party; and

   ii. register to receive electronic notification of every filing in the case via the court's ECF docketing system.

c. **Current contact information.**  The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information – including mailing addresses, email addresses, and daytime telephone numbers – by filing the appropriate Notice on ECF.

d. **Redaction or deletion of personal data identifiers.**  All public filings on the electronic docket must omit or redact personal data identifiers, as set forth in Administrative Order 2004-09, a copy of which is available on the court's web site.  Where an otherwise public document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

SO ORDERED:

Dated: Brooklyn, New York
       July 9, 2010

_____
JAMES ORENSTEIN
United States Magistrate Judge

5