UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
SONIA PUSEY,

                Plaintiff,

     -against-

DELTA AIRLINES, INC.,

                Defendant.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-CV-4084 (ENV) (JO)

**VITALIANO, D.J.**

Plaintiff Sonia Pusey, proceeding pro se, filed this action against her former employer, Delta Airlines, Inc., alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 et seq. Pusey moved to amend her complaint to add claims of religious discrimination and "harassment." In a Report and Recommendation issued September 27, 2010 (the "Report"), Magistrate Judge Orenstein recommended that the Court deny Pusey's motion, with leave to renew her request by submitting a more specific "harassment" claim. Notwithstanding Pusey's failure to file any formal objections to the Report, the Court will consider her general opposition to it, and its review will be de novo. For the reasons stated below, the Report is adopted in its entirety as the opinion of the Court.

## DISCUSSION

A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it. See, e.g., HCC, Inc. v. R H & M Machine Co., 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. 1999); see also Fed. R. Civ. P. 72(b)(3). The Report recommends dismissal of Pusey's proposed amendments adding claims of religious



1

and sexual discrimination, on the grounds that such amendments would be futile. Liberally construing plaintiff's subsequent responses as indicating an objection to the Report, the Court will review it de novo.

In her complaint before the Equal Employment Opportunity Commission ("EEOC"), Pusey alleged discrimination based on race and disability but not on religion. Significantly, a Title VII plaintiff must first exhaust her administrative remedies, and thus "[c]laims not raised in an EEOC complaint . . . may be brought in federal court" only if they are "'reasonably related' to the claim[s] filed with the agency." Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006) (quoting Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)). The law is well-settled that a federal court claim for religious discrimination is not "reasonably related" to an EEOC claim for discrimination on the basis of race and disability, absent something in the EEOC claim that refers to religion. See, e.g., Wali v. One Source Co., 578 F. Supp. 2d 170, 183-84 (S.D.N.Y. 2009); Wilson v. Family Dollar Stores, No. 06-CV-639, 2007 WL 952066, at *5 (E.D.N.Y. 2007); Muhammad v. New York City Transit Auth., 450 F. Supp. 2d 198, 206 (E.D.N.Y. 2006). Here, there is nothing in Pusey's EEOC complaint that mentions religion, either explicitly or implicitly, and thus any claim for religious discrimination that Pusey may want to add now would be futile. See Foman v. Davis, 371 U.S. 178, 182 (permitting denial of motions for leave to amend where amendment would be futile). Moreover, to the extent that Pusey's harassment claim pertains to sexual harassment, such a claim is similarly futile, as Pusey did not allege sexual discrimination, or any facts suggesting sexual discrimination, in her EEOC claim.

As for the Report's recommendation to allow Pusey leave to renew her motion to amend, to add a "harassment" claim that would not be futile — including a claim on the basis of race,

disability, or some ground of state law that would fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) — that recommendation is sound.[1]

## CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety as the opinion of the Court. The motion to amend the complaint is denied, with leave to replead the proposed harassment claim.

SO ORDERED.

Dated: Brooklyn, New York
March 25, 2011

ERIC N. VITALIANO
United States District Judge

---

[1] As to this portion of the Report, the lack of any dispositive decision merits review under the clear error standard of Rule 72(a). See Fed. R. Civ. P. 72(a) (stating that for "a pretrial matter not dispositive of a party's claim or defense" the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law"). However, regardless of the standard of review used for any part of the Report, the result would be the same.

3