# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

Writer's direct fax
917-344-1258

April 12, 2011

**BY ECF**

Hon. James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Pusey v. Delta Air Lines, Inc.,
                 No. 09 CV 4084 (ENV) (JO)

Dear Judge Orenstein:

This firm is co-counsel for Delta Air Lines, Inc. ("Delta"). We write in response to Plaintiff's letter of April 8, 2011, and oppose both of the requests conveyed therein.

Plaintiff first asks for advance notice of all questions that she may be asked at her April 14, 2011 deposition. While the topics of Plaintiff's deposition will generally include her employment history at Delta, her disciplinary history, and the factual basis for her claims, there is no reason to require Delta to provide its questions in advance, nor is there any rule to that effect. Indeed, such questions will almost surely vary depending on her testimony. For this reason, the Court should deny this request.

Plaintiff next appears to seek leave to take additional Rule 31 depositions in this matter. For the reasons set forth below, Delta respectfully opposes this request as well.

As the Court may recall, by Order dated March 2, 2011 it permitted Plaintiff to take up to 10 depositions of Delta witnesses under Fed. R. Civ. P. 31, and required Plaintiff to serve those deposition questions no later than March 31. At Plaintiff's request, Delta extended the deadline for Plaintiff to submit her questions until April 4 (more than a month after the Court's Order). Plaintiff did not serve her deposition requests until April 5.

BRUSSELS | WASHINGTON, D.C. | SAN FRANCISCO | SACRAMENTO | NEW YORK | LOS ANGELES | HOUSTON | CHICAGO | BOSTON | ATLANTA



Hon. James Orenstein
April 12, 2011
Page 2

Those requests contain more than 200 written questions for four current and former Delta employees. Those witnesses – Diane Earl, Louise Galarza, Pat Smith and Robert Heilmann – have the most direct knowledge of the facts relating to Plaintiff's claims, and include the individuals who made the decision to issue her Probation and Final Warning Letters and to terminate her employment. They are the only four witnesses from whom Delta currently intends to elicit testimony in this matter on summary judgment or at trial.

While Delta has no objection to Plaintiff's Rule 31 depositions of these witnesses, it bears mentioning that a substantial number of Plaintiff's 200+ written questions are difficult to follow, argumentative, and/or concern events that have nothing to do with this matter. For instance, Plaintiff asks Mr. Heilmann, Delta's Human Resources Manager, the following question:

> Whilst working "light duty" position, an incident arose with a company employee where an implication was made he was on the Board of directors. He was informed by my "light duty" status and his wife continued insisting I help him albeit the fact I clearly stated a numerous about of times, without having a proper authorization code, I could not. I referred him to an employee who could. This was not satisfactory enough for this "Board Member." I was harangued and physically touched by his wife, eventually seeking the aid of a supervisor to document his wife's misconduct. And advised to report the incident to the Company's Pass/Travel Bureau. He later admitted she was a little out of control. It was later discovered he was an employee and not a Board member. It is documented in my file, "I was rude to a Board of Directors member." Why was I not made privy of this comment by Supervisor Louise Galarza?

This, and many others of the hundreds of questions that Plaintiff has served, will require Delta's counsel and employees to expend substantial time and resources on matters that have no conceivable relevance to her claims.

It is against this backdrop that Plaintiff now apparently seeks to take additional Rule 31 depositions of individuals who generally have much less (and in some cases no) information that pertains to the relevant facts here. While one of the proposed witnesses (Ron Wolfe) was involved in the decision to suspend Plaintiff from Delta, his knowledge is largely duplicative of current deponent Louise Galarza (who was involved in the same decision). The balance of the witnesses identified in Plaintiff's April 8 letter were not involved in the decisions to discipline or suspend Plaintiff and, to Delta's knowledge, have no other information that would be directly relevant to her claims. For her part, Plaintiff has not identified any reason that she needs the proposed depositions.

By contrast, Delta will suffer prejudice if Plaintiff is permitted to take these additional depositions. In addition to the time and energy required to respond to largely irrelevant and argumentative inquiries, the manner in which Plaintiff has served her current written deposition questions also requires Delta to incur substantial out-of-pocket costs. Rule 31 contemplates that the party taking the deposition deliver to a court reporter or other approved officer a copy of all deposition questions, so that the reporter or officer may place the deponent under oath and transcribe the





testimony.  See Fed. R. Civ. P. 31(b).  The rule further contemplates that the party taking the deposition will bear the expense of the proceeding.  Plaintiff, however, has made no such arrangements with respect to the four depositions that she has already noticed, leaving Delta to incur the reporting cost associated with the deposition.

Delta is certainly mindful of the fact that Plaintiff Pusey is proceeding *pro se* here.  However, under the current circumstances, Delta respectfully opposes her request for additional depositions.

Respectfully submitted,

SEYFARTH SHAW LLP

*Robert Whitman*

Robert S. Whitman

cc:   Sonia A. Pusey (by electronic and certified mail)
      Benjamin Stone, Esq. (by ECF)
      Sheandra Clark, Esq. (by ECF)

13297939v.2