# SEYFARTH SHAW LLP
### ATTORNEYS

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

Writer's direct fax
917-344-1258

May 2, 2011

**BY ECF**

Hon. James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Pusey v. Delta Air Lines, Inc.,
                 No. 09 CV 4084 (ENV) (JO)

Dear Judge Orenstein:

This firm is co-counsel for defendant Delta Air Lines, Inc. ("Delta"). We write in response to plaintiff Sonia Pusey's ("Pusey") April 22, 2011 letter seeking leave to file an amended Complaint to add harassment and tort claims. We respectfully request that her motion be denied, as her proposed amendment would be futile.

### A. Background

On September 3, 2010, Pusey requested leave to amend her Complaint to include charges of religious discrimination and harassment. [Dkt. No. 21]. In its response, Delta asserted that the motion should be denied, as her proposed amendment would be futile. [Dkt. No. 22]. Specifically, Delta argued that, because Pusey had not raised religious discrimination and/or harassment claims in her February 20, 2009 Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), she had failed to exhaust her administrative remedies under Title VII and, therefore, her newly proposed claims would be properly subject to dismissal. *Id.* Delta further argued that the exception to the general rule regarding administrative exhaustion was not applicable here because Pusey's religious discrimination and harassment claims were not "reasonably related" to the allegations in her Charge. *Id.*; *see also Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)).



Hon. James Orenstein
May 2, 2011
Page 2

Your Honor's Report and Recommendation ("R&R") of September 27, 2010 recommended denial of Pusey's motion on grounds that she had failed to exhaust her administrative remedies. [Dkt. No. 25]. However, because of the possibility that Pusey might be able to plead a harassment claim that was "reasonably related" to her Charge, Your Honor granted her leave to replead such a claim. *Id.* By order dated March 30, 2011, Judge Vitaliano adopted the R&R in its entirety. [Dkt. No. 55].

### B. **Plaintiff's Motion Should Be Denied**

#### 1. **The Proposed Amended is Not Sufficiently Detailed**

In her new motion, Pusey again requests leave to file an amended Complaint to include a harassment claim. [Dkt. No. 64]. However, she does not provide a factual summary of her allegations that would place Delta on notice of the type of harassment claim she is asserting ("tangible job action" or hostile work environment), the basis of the harassment (race, age, disability, etc.), or the alleged events occurring during her employment that she believes support her claim. Pusey's reliance on conclusory statements, without more, does not state a viable claim for relief under Rule 8 of the Federal Rules of Civil Procedure. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508 (2002); *Carter v. Potter*, No. 06-CR-3854 (JG), 2007 WL 879417 (E.D.N.Y. Mar. 22, 2007). For this reason alone, her motion to amend should be denied.

#### 2. **The Proposed Harassment Claim is Not Within the Scope of Plaintiff's EEOC Charge**

The lack of a factual basis for Pusey's harassment claim notwithstanding, her request to amend must also be denied because – as a matter of law – Pusey's proposed harassment claim is not within the scope of her previously-filed EEOC Charge. *See Butts v. New York Dep't of Hous. Preservation & Dev.*, 990 F. 2d 1397, 1402-03 (2d Cir. 1993).

As Your Honor has previously noted, "[a] federal court ordinarily may hear a plaintiff's Title VII claims only to the extent they are the same as, or reasonably related to, claims that the plaintiff first raised in a complaint to the EEOC. (R&R at 2 (citing *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001)). As Your Honor also noted, a claim is considered reasonably related to an EEOC charge only if (1) the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, (2) the plaintiff alleges retaliation by an employer for filing an EEOC charge[1], or (3) the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge. *Id.*

---

[1] As Pusey is not bringing a cause of action for retaliation, this exception is not applicable here.

13353831v.3





Hon. James Orenstein
May 2, 2011
Page 3

In this case, Pusey's EEOC Charge alleged only the following:

> I was hired by Respondent as F.A. (flight attendant) on 10/28/97. I had an excellent record of attendance until July 2007. On July 18, 2007, I was compelled by Respondent to get a yellow fever vaccine. Thereafter, I developed severe reactions to the vaccine resulting in approximately 20 days absence from employment between August 2007 and September 5, 2008 when I was fired for excessive absenteeism. Respondent made no effort to provide me with a reasonable accommodation.

February 20, 2008 Charge of Discrimination (copy attached hereto).

Thus, the Charge focused only on Delta's alleged decision to require Pusey to be vaccinated for yellow fever, its alleged decision not to accommodate her alleged disability, and its decision to terminate her employment. As is evident, the Charge does not contain any reference to alleged harassment or hostile work environment.

The harassment claims that Pusey now asks to assert are not "reasonably related" to the claims asserted in her Charge. Indeed, it is well-established in the Second Circuit that claims of harassment are not "reasonably related" to claims of disparate treatment discrimination. *See Crespo v. New York City Transit Authority*, No. 01-CV-0671, 2002 WL 398805, *7 (E.D.N.Y Jan. 7, 2002); *Ghose v. Century 21, Inc.*, 108 F. Supp .2d 373, 376 (S.D.N.Y. 2000); *Eaton v. American Media Operations, Inc.*, No. 96 CIV 6158 MBM, 1997 WL 7670, *2 (S.D.N.Y. Jan. 9, 1997).

In *Crespo*, the defendant moved to dismiss claims of harassment and/or hostile work environment because the Plaintiff failed to include such allegations in her EEOC Charge. 2002 WL 398805 at *7. The Court agreed, holding that because the charge did not "even remotely suggest harassment by [the defendant's] employees or a hostile work environment," the new claims could not have been expected to grow out of the plaintiff's charge of discrimination." *Id.* Moreover, given the differences in the factual support for and the analytical framework of discrimination and harassment/hostile work environment claims, the plaintiff's charge "would not prompt an investigation into the facts that underlie" her harassment claims. *Id.* at *8.

Likewise, in *Eaton*, the court held that since the initial EEOC charge alleged only discrimination in pay and promotion based on plaintiff's sex and national origin, and contained no facts that would have led an investigator to inquire about harassment or place the EEOC on notice of such a claim, the harassment claim could not have fallen within the scope of the charge. 1997 WL 7670, at *2 ("A claim of sexual harassment is not itself reasonably related to claims of sex and national origin discrimination such that plaintiff should be entitled to pursue it."); *see also Ghose*, 108 F. Supp. 2d at 376 (hostile work environment and retaliation claims not reasonably related to claims of racial and national origin discrimination); *Findlay v. Reynolds Metals Co.*, 82 F. Supp. 2d 27, 33-34 (N.D.N.Y. 2000) (disparate treatment claim not reasonably related to hostile work environment and retaliation claims); *Koster v. Chase Manhattan Bank*, 554 F. Supp. 285, 288 n.5 (S.D.N.Y. 1983) ("[A]n EEOC investigation into charges of sex discrimination in areas such as pay, promotion, and





conditions of employment could not reasonably be expected to uncover incidents of sexual harassment.").

Here, because Pusey's Charge is indisputably devoid of any references to harassment or hostile work environment – and relates only to her belief that Delta unlawfully terminated her or failed to accommodate her – there is no basis to conclude that the EEOC would have investigated any allegations of harassment. This conclusion is particularly appropriate here because Pusey filed her Charge five months <u>after</u> her termination and was in a position to set forth all facts that could have supported her harassment claims. Because Pusey cannot demonstrate that her harassment claims would have been expected to grow out of her Charge, her request to amend should be denied.

Delta acknowledges Your Honor's statement in the R&R that if Pusey asserted a race or disability harassment claim, it would be "reasonably related" to her Charge. (R&R at 5 (citing *Almendral v. New York State Office of Mental Health*, 743 F.2d 963 (2d Cir. 1984)). However, *Almendral* does not support the proposition that a claim of harassment is reasonably related to a claim of "disparate treatment" discrimination arising out of a termination or a reasonable accommodation claim. In *Almendral*, the plaintiff alleged that she was not promoted repeatedly to the same position over a number of years. Although each failed promotion occurred in a slightly different manner, the Second Circuit held that those occurring after the filing of the EEOC charge were "essentially the same" as the conduct in the charge because they all involved "manipulation of the civil service rules for discriminatory reasons in order to appoint someone other than [plaintiff]." *Id.* at 967.

In contrast, Pusey's EEOC Charge addressed Delta's decision to terminate her employment and its alleged failure to accommodate. Her proposed harassment claims, while vague on specifics, appear to assert, *inter alia*, that Delta engaged in physical and mental abuse, which resulted in a host of employment actions including lost promotions and improper disciplinary actions. Allegations such as these are fundamentally different from the claims referenced in her Charge.

### 3. The Proposed Tort Claims are Time-Barred

In addition to her harassment claims, Pusey's motion also seeks to add tort claims. In particular, Pusey seeks to assert an assault and battery claim arising from the July 2007 vaccination she received while employed at Delta. In New York, a one-year statute of limitations applies to assault and battery claims. NY CPLR § 215(3). Because Pusey filed her Complaint on September 22, 2009, more than 2 years and 2 months after the alleged assault, her proposed claims is time-barred.

Aside from her assault and battery claim, Delta is unclear what other tort claims Pusey seeks to plead. She has included a paragraph entitled "Medical Misconduct," but her allegations are identical to those pled in the proposed assault and battery paragraph regarding the 2007 vaccination. Moreover, Delta has been unable to find any statute or case law supporting the existence of a "Medical Misconduct" cause of action in New York. Nonetheless, to the extent any such claim exists and sounds in negligence, it is barred by exclusivity provision of the Worker's Compensation Law. *See Jean-Louis v. American Airlines*, No. 08-CV-3898 (FB), 2010 WL 3023943, *3 (E.D.N.Y. July 30, 2010). To the extent the claim is effectively one for assault and/or battery, it is, as stated above, barred by the one-year statute of limitations.

13353831v.3





Hon. James Orenstein
May 2, 2011
Page 5

Thus, as with the proposed harassment claims, Plaintiff's tort claims appear to be futile, and leave to amend is properly denied. *See Arnold v. KPMG LLP*, 2009 WL 1514589, at *3 (2d Cir. 2009).

Accordingly, Delta respectfully requests that Pusey's request to amend her Complaint be denied in its entirety.

Respectfully submitted,

SEYFARTH SHAW LLP

Robert S. Whitman

cc: Sonia A. Pusey (by email and certified mail)
Benjamin A. Stone, Esq. (by ECF)
Sheandra R. Clark, Esq. (by ECF)

13353831v.3

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK

# ATTACHMENT A

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form.

RECEIVED FEB 20 2009 EEOC-NYDO-CRTIU

Charge Presented To: ☐ FEPA  ☒ EEOC

Agency(ies) Charge No(s): and EEOC

State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.): Ms. Sonia A. Pusey
**Date of Birth:** 13 NOV. 1969
**Street Address:** P.O. Box 380-443
**City, State and ZIP Code:** Brooklyn, NY 11238

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.

**Name:** Delta Airlines, Inc.
**No. Employees, Members:** 1000+
**Phone No. with Area Code:** (404) 715-2364
**Street Address:** 1030 Delta Blvd. - Dept. 950
**City, State and ZIP Code:** Atlanta, GA 30354

**DISCRIMINATION BASED ON:**
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER  ☐ CONTINUING ACTION

**THE PARTICULARS ARE:**

I was hired by Respondent as F.A. (flight-attendant) on 10/28/97. I had an excellent record of attendance until July 2007. On July 18, 2007, I was compelled by Respondent to get a Yellow fever vaccine. Thereafter, I developed severe reactions to the vaccine resulting in approximately 20 days absence from employment between August 2007 and September 5, 2008 when I was fired for excessive absenteeism. Respondent made no effort to provide me with a reasonable accommodation.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Date:** 20 Feb. 2008
**Charging Party Signature:** Sonia A. Pusey

NOTARY — When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

LAWRENCE J. GLYNN
Notary Public, State Of New York
No. 02GL4513895
Qualified in Westchester County
Commission Expires May 31, 2007