**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SONIA A. PUSEY,

                           Plaintiff,                    **REPORT AND
RECOMMENDATION**

      - against -

                                                          09-CV-4084 (ENV) (JO)

DELTA AIRLINES, INC.,

                           Defendant.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

In a letter motion dated April 22, 2011, plaintiff Sonia A. Pusey ("Pusey"), appearing *pro se*, seeks leave to amend her Complaint. Specifically, Pusey wishes to add four new claims, styled as: (1) "New York State and New York City Administrative Code Laws;" (2) harassment; (3) "Medical Misconduct;" and (4) battery, assault, and personal injury. *See* DE 64 ("Motion"). Defendant Delta Airlines, Inc. ("Delta") opposes the motion on the ground that the proposed amendment is futile. *See* DE 67 (Opposition) ("Opp."). The Honorable Eric N. Vitaliano, United States District Judge, referred the motion to me for a report and recommendation. DE 66. I now make this report and, for the reasons set forth below, respectfully recommend that the court deny the motion. More specifically, I recommend that the court deny as futile the proposed claims of medical misconduct, battery, assault, and personal injury; and I recommend that the court deny the remainder of the motion without prejudice to renewal upon a more particularized explanation of the factual and legal bases for the proposed new causes of action.

Pusey's first request seeks leave to "[i]ncorporate New York State and New York City Administrative Code Laws." That request – unaccompanied by any more specific factual or legal detail – is insufficient to inform Delta or the court of the nature of the claims Pusey wishes to add. I recommend that the court deny that request with leave to file a renewed motion. Any such

renewed motion should state with precision the facts on which Pusey seeks to rely and a more specific explanation of the nature of the legal basis for the claim.

Pusey next seeks leave to file a "harassment" claim. To be sure, Pusey has provided the court with more specific factual information about her proposed harassment claim than in her previous motion. *See* DE 21 (previous letter motion); DE 25 (Report and Recommendation) at 4-5; DE 55 (Memorandum and Order). While Pusey's most recent factual allegations are likely insufficient to establish that her proposed harassment claim is "reasonably related" to those she filed with the EEOC, *see Williams v. New York City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006), I hesitate to analyze that issue in the abstract. For instance, Pusey's current proposal does not state whether she is asserting that the harassment allegedly occurred on the basis of her race or disability, and if so, her reason for that belief. Therefore, I recommend that the court deny Pusey's current motion with respect to the harassment claim, without prejudice to a renewed motion that more precisely identifies the nature of the harassment about which Pusey seeks to complain.

I recommend that the court deny Pusey's motion with respect to the final two claims. A court should "freely give" a plaintiff leave to amend her complaint in the interest of justice. Fed. R. Civ. P. 15(a)(2). Nevertheless, "[i]t is not an abuse of discretion to deny leave to amend a complaint when the amendment would be futile." *Okoi v. El Al Israel Airlines*, 2010 WL 1980263, at *2 (2d Cir. May 19, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). With respect to the claim styled as "medical misconduct" – a claim that appears to arise from Pusey's assertion that she suffered harm as the result of a yellow fever vaccination that Delta required her to receive as a condition of her continued employment, *see* DE 4 (Amended Complaint) at 12 – Pusey does not identify the law that gives rise to such a claim and I am aware of none. To the extent Pusey seeks to

2

complain of a mistake in the way the vaccination was administered, she might be able to assert a malpractice claim against the relevant medical professional, but that would not appear to give rise to a complaint against Delta, and that does not in any event appear to be the nature of the claim Pusey seeks to assert. Rather, Pusey appears to claim that Delta should be held liable because the vaccine it required her to receive caused her to have an adverse reaction. Whatever label might best attach to such a claim, it does not appear to have anything to do with the practice of medicine as such.

Finally, Pusey seeks to assert state law tort claims for battery, assault, and personal injury. Motion at 2. Delta contends that an assault and battery claim is barred by New York's one-year statute of limitations for such claims. Opp. at 4-5 (citing N.Y. C.P.L.R. § 215(3)). I agree; Pusey received the vaccination at issue on July 18, 2007, yet she did not file the original Complaint in this case until September 22, 2009, more than two years later. *See* DE 1. Because the adverse reactions to the vaccine that Pusey describes were not latent or otherwise undiscoverable at the time, I see no reason why the statute of limitations should be tolled. *See* Amended Complaint at 12.

In contrast, a personal injury tort claim under New York law would presumably be timely. *See* N.Y. C.P.L.R. § 214.[1] Here again, however, the nature of such a claim is simply inconsistent with Pusey's factual allegations. Pusey does not appear to be contending that Delta was negligent in the way the vaccine was administered by its agents, but rather that Delta is liable because the vaccination constituted a harmful physical intrusion to which Pusey did not meaningfully consent. *See* Amended Complaint at 12. Accordingly, a personal injury claim would be futile because Pusey alleges no facts that support it.

---

[1] I assume for purposes of analysis that any new claim based on the vaccination would relate back to the date of the initial Complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

For the reasons set forth above, I respectfully recommend that the court deny plaintiff Sonia A. Pusey's motion to amend the Complaint. More specifically, I recommend that the court deny as futile the proposed claims of medical misconduct, battery, assault, and personal injury; and I recommend that the court deny the remainder of the motion without prejudice to renewal upon a more particularized explanation of the factual and legal bases for the proposed new causes of action.

I direct the defendant to serve a copy of this Report and Recommendation on the plaintiff by certified mail, and to file proof of service no later than May 31, 2011. Any objections to this Report and Recommendation must be filed on the electronic docket no later than June 14, 2011. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
      May 25, 2011

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge